UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| WILLIAM T. POGUE ) | Case No. 05-43488 |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| WILLIAM T. POGUE ) | |
| Plaintiff. ) | |
| vs. ) | A.P. No. 06-4086 |
| THE ESTATE OF IRA LEE ROBERTS and ) | |
| JAMES A WETHINGTON, INDIVIDUALLY ) | |
| AND AS COMMONWEALTH'S ATTORNEY ) | |
| FOR THE SIXTH JUDICIAL DISTRICT OF ) | |
| KENTUCKY ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM ON MOTIONS FOR SUMMARY JUDGMENT**

This proceeding comes before the Court on the cross motions for summary judgment filed by the debtor / plaintiff ("Plaintiff") and the Defendants, the Estate of Ira Lee Roberts ("Roberts Estate") and James A. Wethington, Individually and as Commonwealth's Attorney for the Sixth (6th) Judicial District of Kentucky ("Wethington"). Upon consideration of the summary judgment motions and the supporting documentation, the Court holds that summary judgment should be granted in favor of the Defendants.

**I.    STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(K). Venue of this adversary proceeding in this Court is proper under 28 U.S.C. §1409(a), as this proceeding arises in and relates to the Plaintiff's Chapter 7 case pending in this District.

**II.    SUMMARY JUDGMENT STANDARD**

The Court can render summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is appropriate when the record taken as a whole, and viewed in the light most favorable to the nonmoving party, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*citing First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). The party seeking summary judgment bears the burden initially of showing that there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may rely on the pleadings, depositions, answers to interrogatories, and admissions on file. *Id.* When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, summary judgment should be granted. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805 (1999) (quoting *Celotex*, 477 U.S. at 322).

Once the moving party has made a proper motion for summary judgment, the nonmoving party may not rely upon mere allegations to rebut the motion, but instead must set forth specific facts demonstrating that a genuine issue of material fact exists for trial. Fed. R. Civ. P. 56(e). The nonmoving party must produce more than a "mere scintilla" of evidence to support its claim, once a properly supported motion for summary judgment has been made.

### III.     FACTS

On September 17, 2004 the Plaintiff herein, in anticipation of criminal indictment for embezzlement, borrowed $29,000.00 from Ira Lee Roberts, now deceased. The Plaintiff used the proceeds of the loan to repay funds previously embezzled. Notwithstanding the repayment of the funds, the Plaintiff was indicted by a Grand Jury in Daviess County, Kentucky. On or about October

6, 2005, the Plaintiff was found guilty on two counts of embezzlement.

On November 4, 2005 the Plaintiff was sentenced to two years imprisonment for each of the two counts of embezzlement. On or about February 21, 2006 Judge Henry M. Griffin, III, Daviess Circuit Court Judge, entered an order suspending the Plaintiff's sentence. The order suspending sentence included a restitution order requiring the Plaintiff to make restitution of $29,000.00, plus interest, to the Roberts Estate. On or about April 2006 the Plaintiff moved the State Court to set aside the restitution order, which was overruled on May 23, 2006. The state court ruled that the restitution ordered constituted money that was borrowed to make restitution on the fraudulent earned benefits of the crime. The state court further found that the restitution was a material part of the probation order and "connected to the criminal act... ." To avoid revocation of his probation, the Plaintiff made payments pursuant to the state court's restitution order.

The Plaintiff filed a petition for Chapter 7 bankruptcy on October 16, 2005, and obtained his discharge on April 11, 2006. The Plaintiff included the debt to the Roberts Estate on his bankruptcy petition schedules. No party filed an action objecting to the dischargeability of any of the debts listed by the Plaintiff.

## IV.    LEGAL DISCUSSION

As stated above, under Rule 56(c) of the Federal Rules of Civil Procedure and Rule 7056 of the Federal Rules of Bankruptcy Procedure, a party is entitled to judgment only if that party can establish that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law.  The Court must determine not whether it thinks the evidence unmistakably favors one side or the other, but whether a fair minded trier of fact could return a verdict for a nonmoving party on the evidence presented. *Anderson v. Liberty Lobby*, 477 U.S. 242

(1986).

The Plaintiff seeks a judgment finding the Roberts Estate and Wethington in contempt for violating 11 U.S.C. § 524(a) (the discharge injunction). The Plaintiff also seeks an order enjoining these defendants from further actions to collect a discharged debt. The Plaintiff contends that since the Roberts Estate was not the victim of his crime, the order requiring repayment of the debt is not in actuality a restitution order, notwithstanding its characterization. Instead, the Plaintiff argues, it is an order requiring the payment of a discharged debt in violation of 11 U.S.C. § 524, and since the debt owed to the Roberts Estate was not excepted from discharge, any action to obtain repayment of that debt constitutes a violation of the discharge injunction. Finally, the Plaintiff contends that characterizing the repayment order as a restitution order is simply an "end run" around the discharge injunction.

As an initial matter, the Court recites the general rule that there is a "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 46 (1971). As the Supreme Court held, "the right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." *Id.* This Court is very reluctant to go against this policy and declines to do so, absent the most compelling of circumstances.

Generally speaking, restitution obligations imposed as probation conditions are not dischargeable in bankruptcy proceedings. *Kelly v. Robinson*, 479 U.S. 36 (1986). As stated by the Supreme Court:

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the

> amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant.

*Id. at 52.* Under this analysis, it makes no difference if the restitution payments go directly to the "victim of the crime," or to a third party, who may also have been injured by the debtor's actions. Under *Kelly*, a restitution order that directs payments to an entity other than a governmental unit is still non-dischargeable under Section 523(a)(7) so long as the restitution is designed to benefit "society as a whole" and furthers "the penal goals of the State and the situation of the defendant". 479 U.S. at 52.  Even though restitution may be calculated by reference to the amount of harm the offender has caused, the Supreme Court in *Kelly* held that restitution constitutes a "fine, penalty, or forfeiture" within the meaning of § 523(a)(7). *Id.*  There can be no question here that the restitution order in the present case was issued to benefit "society as a whole" and was clearly part of the "penal goals" of the state court judge.  To conclude, this debt was not discharged in the Plaintiff's bankruptcy and thus an attempt to collect this debt cannot be considered a violation of the discharge in junction.

The Plaintiff makes several arguments as to how and why the state court erred in awarding restitution in this nature. Presumably these same arguments were made at the motion to set aside the restitution order heard before the state court.  In any event, this Court is not an appellate court for the state circuit court.  Any problems or errors the state court may have made with respect to the issuance of these restitution orders should have been pursued in the state court appellate system. Having said that, this Court would concur wholeheartedly with the conclusions and decisions of the state court.  It is clear that the Plaintiff attempted to avoid the consequences of his criminal actions by borrowing money from Ira Lee Roberts to repay the embezzled funds.  When this plan failed to

work as hoped, he filed for bankruptcy to discharge the debt incurred to Roberts. Thus, while the Plaintiff is correct that the Roberts Estate is not the victim of his crime per se, it is clear it is the party who suffered financially from the Plaintiff's criminal conduct. Consequently, it would seem altogether appropriate for the state court to order any restitution be paid to the truly aggrieved party.

Finally, the Court notes that the Plaintiff is free not to pay this debt. He is under no legal obligation to pay the restitution orders. Of course, choosing not to pay the restitution has consequences as well. That is, however, a matter between the state court and the Plaintiff. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| WILLIAM T. POGUE ) | Case No. 05-43488 |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| WILLIAM T. POGUE ) | |
| Plaintiff. ) | |
| vs. ) | A.P. No. 06-4086 |
| THE ESTATE OF IRA LEE ROBERTS and ) | |
| JAMES A WETHINGTON, INDIVIDUALLY ) | |
| AND AS COMMONWEALTH'S ATTORNEY ) | |
| FOR THE SIXTH JUDICIAL DISTRICT OF ) | |
| KENTUCKY ) | |
| _____ ) | |

**JUDGMENT**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** the Defendants' Motion for Summary Judgment is granted, and Plaintiff's Complaint is hereby dismissed, with prejudice.